IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DELLEMOND CUNNINGHAM     PLAINTIFF

v.     Civil No. 09-5002

DETECTIVE DAVID WILLIAM,
Fayetteville Police Department;
SPECIAL AGENT PERRY WILSON,
Federal Bureau of Investigation, Little
Rock, Arkansas; and FAYETTEVILLE
POLICE DEPARTMENT     DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Dellemond Cunningham filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. The case is before me for a determination of whether service of process should issue.

Because more information was needed regarding Cunningham's claims, an order was entered (Doc. 5) directing him to file an addendum to his complaint. The addendum was filed (Doc. 6) on April 9, 2009.

### Background

In the complaint, Cunningham alleges that his rights were violated when defendants told the newspapers that he had admitted to giving Marcus Green the pistol he used in robbing a bank. He states defendants also said he was on parole at the time. Cunningham indicates he was interviewed at the Fayetteville Police Department by Detective Williams and Agent Wilson.

AO72A
(Rev. 8/82)

In the addendum Cunningham indicates he was initially pulled over at a traffic stop on August 15, 2008. *Addendum* (Doc. 6) at ¶ 1 (hereinafter *Add.*). Once he gave his name, he indicates Detective Williams approached his vehicle and began asking where the gun was. *Id.* At this point, Cunningham indicates he was taken into custody. *Id.*

Cunningham asserts he didn't learn what he was being charged with until two days later when he went to his Rule 8.1 hearing. *Add.* at ¶ 3(A). He then learned he was being charged with accomplice to aggravated robbery, accomplice to theft of property, simultaneous possession of drugs and a firearm, possession of crack cocaine, and possession of a firearm by certain persons. *Id.* He maintains he was not on parole at the time of the interview. *Id.* at ¶ 3(B).

Cunningham admitted during the interview to providing Marcus Green with a pistol approximately three or four hours before Green robbed a bank. *Add.* at ¶ 3(C). However, Cunningham asserts he did not know Green was going to use the pistol in a bank robbery. *Id.*

Cunningham was charged with a crime in connection with providing a weapon to Green. *Add.* at ¶ 4. He was convicted and is serving a sentence on possession of a firearm, accomplice to aggravated robbery, accomplice to theft, and intimidation of a witness. *Id.* He is serving a total of thirty-seven years of incarceration and is currently in the process of appealing. *Id.*

Cunningham maintains he is being held in prison due to those facts. He asks that justice be served.

### Discussion

This case is subject to dismissal. First, to the extent Cunningham is attempting to assert a claim based on harm to his reputation caused by the newspaper article, the claim is not actionable under § 1983. "[D]efamation, per se, is not actionable under section 1983."

*Underwood v. Pritchard*, 638 F.2d 60, 62 (8th Cir. 1981). *See also Wade v. Goodwin*, 843 F.2d 1150, 1152 (8th Cir. 1988)(A cause of action for damage to character or reputation is not cognizable under § 1983). The Supreme Court has held that a person's interest in his reputation is not considered liberty or property protected by the due process clause. *Paul v. Davis*, 424 U.S. 693, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976). Thus, "regardless of whom a plaintiff chooses to sue, section 1983 does not address an alleged injury to reputation." *Idema v. Wager*, 120 F. Supp. 2d 361, 371 (S.D.N.Y. 2000), *aff'd* 29 Fed. Appx. 676 (2d Cir. 2002).

Moreover, at least with respect to the provision of the gun to Green, Cunningham concedes he admitted during the interview with the officers that he provided the gun to Green. Additionally, Cunningham was convicted of being an accomplice in the robbery committed by Green.

Second, § 1983 may not be used as a substitute for the right of appeal. *See e.g., Chasteen v. Trans World Airlines, Inc.*, 520 F.2d 714 (8th Cir. 1975). Here, Cunningham has been convicted of the criminal charges and must appeal those convictions in state court. Contrary to his assertion, Cunningham is not incarcerated solely because of the defendants' statements that were allegedly quoted in the press. Instead, he is incarcerated because of his conviction and sentence to thirty-seven years of incarceration.

### **Conclusion**

I therefore recommend that this case be dismissed as the claims asserted are frivolous and fail to state claims upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time).

**Cunningham has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Cunningham is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of May 2009.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)